CARLIE CHRISTENSEN (#0633)
United States Attorney
JOHN K. MANGUM (#2072)
Assistant United States Attorney
District of Utah
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 325-3216

RICHARD A. SCHWARTZ (*To be admitted Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 307-6322

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **Civil No.** 2:11-cv-922 SA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| NATHAN W. GWILLIAM, | ) | Magistrate Judge Samuel Alba |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by its undersigned counsel, for its complaint herein alleges as follows:

**INTRODUCTION**

1. This is a civil action to reduce to judgment outstanding unpaid assessments of

federal trust fund recovery penalties against Defendant Nathan W. Gwilliam.

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and § 7402(a) of the Internal Revenue Code of 1986, 26 U.S.C.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because defendant Nathan W. Gwilliam conducts business and resides in this district.

## IDENTIFICATION OF DEFENDANT

5. Defendant Nathan W. Gwilliam resides in Spanish Fork, Utah, within the jurisdiction of this Court, and is named as a defendant because he has unpaid federal tax liabilities.

## GENERAL ALLEGATIONS

6. On or about January 2, 1997, Nathan W. Gwilliam formed a corporation called Adoption.com, Inc, an Arizona corporation.

7. On or about February 13, 1998, Adoption.com, Inc. merged into what is now known as Today.com, Inc., an internet software company.

8. On or about August 31, 1999, the assets of Adoption.com were purchased by Nathan W. Gwilliam and Dale R. Gwilliam, Nathan's father, and held in an equal partnership called Adoption.com, an Arizona Partnership.

9.     Nathan W. Gwilliam served as the President, CEO, Chairman and founder of Today.com, Inc. during the periods set forth below in paragraph 16.

10.    In his capacity as President, CEO, Chairman and founder of Today.com, Inc., Nathan W. Gwilliam had the authority to cause Today.com, Inc. to make payments to its creditors.

11.    In his capacity as President, CEO, Chairman and founder of Today.com, Inc., Nathan W. Gwilliam had the responsibility to pay its federal employment taxes (Form 941).

12.    Upon information and belief, Nathan W. Gwilliam knew that Today.com, Inc. had failed to pay unpaid and outstanding federal employment taxes (Form 941) during the periods set forth below in paragraph 16.

13.    Upon information and belief, Nathan W. Gwilliam directed or otherwise caused Today.com, Inc. to make payments or transfer property to persons or entities other than the United States at various times when federal employment taxes (Form 941) were due and owing to the United States, including to himself and Dale R. Gwilliam.

14.    Nathan W. Gwilliam knew of the tax liabilities of Today.com, Inc. when Today.com, Inc. sold assets of Adoption.com, Inc. to Nathan W. Gilliam and Dale R. Gwilliam, which were eventually placed in Adoption.com, an Arizona Partnership.

15.    During the periods set forth below in paragraph 16, Nathan W. Gwilliam was responsible for collecting, truthfully accounting for and paying over to the United States the federal income and Federal Insurance Contribution Act (FICA) taxes withheld from wages paid to employees of Today.com, Inc.

16.    On July 23, 2001, a delegate of the Secretary of the Treasury made assessments of

liability arising under 26 U.S.C. § 6672 against Nathan W. Gwilliam for his willful failure to collect, truthfully account for, and pay over the withheld federal income and FICA taxes of employees of Today.com, Inc. for the tax periods ending December 31, 1998; March 31, 1999; June 30, 1999; and September 30, 2000.

17. Despite proper notice and demand for payment of the assessments referred to in paragraph 16 above, Nathan W. Gwilliam has neglected, failed, or refused to make full payment of the assessed amounts to the United States.

18. Interest, penalties and statutory additions have accrued and will continue to accrue as provided by law. Collections have also been made and applied to this liability. There remains due and owing on said assessments set forth in paragraph 16 above the sum of $104,742.20, plus accrued statutory interest and additions from October 1, 2011, less any payments or credits.

19. On or about January 2, 2003, Nathan W. Gwilliam and Dale R. Gwilliam formed Adoption Media, LLC and Adoption Profiles, LLC, as Arizona limited liability companies for the purpose of holding and managing certain assets formally owned by Adoption.com, Inc.

20. Nathan W. Gwilliam and Dale R. Gwilliam each owned 50 percent interest in Adoption Media, LLC and Adoption Profiles, LLC.

21. On or about June 6, 2003, Nathan W. Gwilliam's 50 percent interest in Adoption Media, LLC and Adoption Profiles, LLC was transferred to Aracaju, Inc., and Dale R. Gwilliam's 50 percent interest was transferred to True North, Inc.

22. Nathan W. Gwilliam is the owner and operator of Aracaju, Inc.

23. Dale R. Gwilliam is the owner and operator of True North, Inc.

24. The Internal Revenue Service entered into an installment payment agreement with

Nathan W. Gwilliam on October 18, 2005, which suspended the applicable periods of limitation on collection. *See* 26 U.S.C. § 6502. Pursuant to that agreement, Nathan W. Gwilliam agreed to pay $2,000 per month due on the first day of each month until June 1, 2008. Pursuant to that agreement, on June 1, 2008, the payments required increased to $5,000 per month until Nathan W. Gwilliam fully paid the liability.

25. Pursuant to the agreement described in paragraph 24, above, Nathan W. Gwilliam made the payments as required through June 2, 2008, but then defaulted. Nathan W. Gwilliam did not reinstate the installment payment agreement or provide financial information requested by the Internal Revenue Service.

26. On September 9, 2009, a continuous wage levy was issued by the IRS to Aracaju, Inc. with respect to Nathan W. Gwilliam. The levy secured $188.56 on a bi-weekly basis, beginning on October 9, 2009. The last payment was received by the IRS on August 8, 2011.

27. Aracaju, Inc. made distributions to Nathan W. Gwilliam in the amount of $178,241.00 in 2009 and in the amount of $76,236.00 in 2010. Aracaju, Inc. failed to honor the IRS's continuous wage levy.

28. On January 27, 2006, Nathan W. Gwilliam and Dale R. Gwilliam formed Sharespace.com, LLC, an Arizona limited liability company.

29. Nathan W. Gwilliam and Dale R. Gwilliam used Sharespace.com, LLC, to hold and manage certain assets formerly owned by Adoption.com in addition to other assets. Nathan W. Gwilliam and Dale R. Gwilliam each held a 50 percent share in Sharespace.com, LLC.

30. By agreement of Nathan W. Gwilliam and Dale R. Gwilliam and by order of the Honorable Richard J. Trujillo, a judge for the Superior Court of Arizona, Maricopa County, a

receivership was created in Arizona on June 6, 2008 in Case No. CV2007-022770.

31. The receivership order described in paragraph 30, above, placed the following entities in the receivership: Adoption Media, LLC; Adoption Profiles, LLC; DEVNET, LLC; Familystore.com, LLC; Family Ads, LLC; Sharespace.com, LLC; and Adoption.com, an Arizona general partnership.

32. On information and belief, the entities placed in the receivership, as described in paragraph 31, constituted substantially all of the assets of Nathan W. Gwilliam.

33. The receivership order described in paragraph 30, above, stated that the entities described in paragraph 18, above, were owned and controlled by Nathan W. Gwilliam and Aracaju, Inc.

34. The receivership order described in paragraph 30, above, collectively referred to Nathan W. Gwilliam and Aracaju, Inc. as "Nathan."

**FIRST CLAIM FOR RELIEF:**

**REDUCE TAX ASSESSMENTS AGAINST NATHAN W. GWILLIAM TO JUDGMENT**

35. The United States incorporates the allegations set forth in paragraphs 1 through 34 above.

36. On the dates, in the amounts, and for the tax periods set forth in paragraphs 16 and 18 above, a duly authorized delegate of the Secretary of Treasury made assessments against Nathan W. Gwilliam for unpaid federal income taxes, penalties, and interest.

37. Despite timely notice and demand for payment of the assessments described above, Nathan W. Gwilliam has neglected or refused to make payment to the United States, and there remains due and owing on those assessments, together with accrued but unassessed

statutory interest and other additions, the amount of $104,742.20 as of October 1, 2011.

38. Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Nathan W. Gwilliam for the unpaid balance of the assessed amounts described above, plus statutory interest and any other additions accruing to the date of payment.

WHEREFORE the United States prays as follows:

A. That judgment be entered against defendant Nathan W. Gwilliam and in favor of the United States on its First Claim for Relief in the amount of $104,742.20, plus interest and statutory additions from October 1, 2011, as provided by law; and

B. That the United States be awarded its costs and such other relief as is just and proper.

Respectfully submitted this 30th day of September, 2011.

> CARLIE CHRISTENSEN
> United States Attorney
>
> JOHN K. MANGUM
> Assistant United States Attorney
>
> /s/ John K. Mangum
>
> s/ Richard A. Schwartz
> RICHARD A. SCHWARTZ
> Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 683
> Ben Franklin Station
> Washington, D.C. 20044-0683
> Telephone:   (202) 307-6322
> Facsimile:   (202) 307-0054
>
> *Attorneys for the United States*