T. Robert Lee (USB #11702)
Heideman, McKay, Heugly & Olsen, L.L.C.
397 North Main Street
Spanish Fork, Utah 84660
Telephone: (801) 812-1000
Email: trlee@hmho-law.com
Attorney for Defendant Nathan W. Gwilliam

Gregory A. Robinson (Admitted Pro Hac Vice)
Farley, Robinson & Larsen
6040 North Seventh  Street, Suite 300
Phoenix, Arizona 85014
Telephone (602) 265-6666
Pro Hac Vice Attorney for Defendant
Nathan W. Gwilliam

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Civil No.**  2:11-cv-922 DS |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS** |
| NATHAN W. GWILLIAM | |
| Defendant. | Judge David Sam |

DEFENDENT, by and through counsel undersigned, moves to dismiss the Complaint because it was not filed within the statutory period for collections and fails to state a claim whereby relief can be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  PLAINTIFF'S COMPLAINT IS TIME-BARRED BY U.S.C. § 6502(a).**

Pursuant to Code Sec. 6502(a)(1) and (2), " … tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun … within 10 years after the assessment of the tax or, if there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was entered into …" *Id*.  As clearly indicated in the Complaint, The United States filed a proceeding in court 10 years, 2 months, and 7 days after the original assessment. Accordingly, the United States has the burden of showing that there was a written installment agreement between the United States and the taxpayer.  Notwithstanding this burden, the United States in its Complaint has failed to allege the existence of a *written* installment agreement or to attach a copy of such an agreement to the Complaint as an exhibit.

a.  Plaintiff's Complaint Fails to Allege Conduct by Defendant Sufficient to Suspend the Applicable Statute of Limitations pursuant to U.S.C 6331(i)(5).

Code Sec. 6331(i)(5) provides for a suspension of the statute of limitations on collection under Sec. 6502 for the period during which the Secretary is prohibited under this subsection from making a levy.  Under Sec. 6331(k)(2) Installment Agreements,  "No levy may be made under subsection  (a) on property or rights to property of any person with respect to any unpaid tax … during the period that an offer by such person for an installment agreement under section 6159 for payment of such unpaid tax is pending with the Secretary".  IRS form 9465 is an

installment agreement request and would constitute the written evidence of the pendency of an installment request.  If the installment were to be accepted, it would be on form 433-D and would have the terms and conditions of the offer for the installment agreement and signature lines for the taxpayer and the representative of the United States.  Neither document has been produced or even alluded to or otherwise referenced by the Plaintiff in its Complaint.

While the complaint alleges that the Defendant made periodic payments, there is simply no allegation or reasonable inference that any conduct by the taxpayer or the Secretary caused an extension of the statute of limitations for collection pursuant to the above referenced Code Sections.  Consequently, the Complaint should be dismissed for failure to have been timely filed.

b. <u>Plaintiff's Complaint Fails to Allege the Existence of a Writing in Conformance with U.S.C. § 6502(a).</u>

The Plaintiff fails to state a claim as there is not an allegation of the existence of a writing in the Complaint.  Plaintiff references as installment agreement without alleging a writing in paragraph 24 of its Complaint.  Consequently, it fails to allege the minimum requirements of Sec. 6502(a).

//

//

//

//

//

//

## CONCLUSION

Because Plaintiff's Complaint fails to even allege the existence of facts sufficient to meet the requirements of U.S.C. § 6502(a) or to allege the existence of facts whereby the applicable statute of limitations could be suspended, the Complaint must be dismissed as untimely.

Respectfully submitted this 1st day of December 2011.

/s/ T. Robert Lee_____
T. ROBERT LEE
Heideman, McKay, Heugly & Olsen, L.L.C.
397 North Main Street
Spanish Fork, Utah 84660
Telephone: (801) 812-1000
Facsimile: (801) 798-1670
*Attorney for Defendant, Nathan W. Gwilliam*


/s/ Gregory A. Robinson_____
GREGORY A. ROBINSON
Farley, Robinson & Larsen
6040 North Seventh Street, Suite 300
Phoenix, Arizona 85014
Telephone (602) 265-6666
*Pro Hac Vice for Defendant Nathan W. Gwilliam*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2011, I caused a true and correct copy

of the foregoing MOTION TO DISMISS to be served electronically, via CM/ECF System, on

the following:

*Served Electronically via CM/ECF System*

John K. Mangum
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
john.mangum@usdoj.gov

Richard A. Schwartz
US DEPARTMENT OF JUSTICE (TAX-683)
TAX DIVISION
PO BOX 683
BEN FRANKLIN STATION
WASHINGTON, DC 20044
richard.a.schwartz@usdoj.gov
*PRO HAC VICE*

DATED and SIGNED this 1st day of December, 2011.

/s/ T. Robert Lee
T. ROBERT LEE
Heideman, McKay, Heugly & Olsen, L.L.C.
397 North Main Street
Spanish Fork, Utah 84660
Telephone: (801) 812-1000
Facsimile: (801) 798-1670
*Attorney for Defendant, Nathan W. Gwilliam*