DAVID B. BARLOW (#13177)
United States Attorney
JOHN MANGUM (#2072)
Assistant United States Attorney
District of Utah
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 325-3216

RICHARD A. SCHWARTZ (*admitted Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:     (202) 307-6322

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NATHAN W. GWILLIAM,  )<br>)<br>Defendant.  )<br>_____) | Civil No.  2:11-cv-922 DS<br><br>**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION** |

Plaintiff, United States of America, by its undersigned counsel, hereby submits this Memorandum of Points of Authorities in Support of its Motion for Reconsideration and respectfully requests that the Court vacate the Clerk's Judgment (Docket No. 22) entered pursuant to the Court's Order dated February 22, 2012 (Docket No. 21). The United States

believes that the Court relied on an erroneous interpretation of when the pendency and termination of an installment agreement may toll the statute of limitations pursuant to 26 U.S.C. § 6331(k)(3)(A), and also failed to rely on the fact that the statute of limitations applicable to this case was also suspended pursuant to 26 U.S.C. § 6503(b) for the period in which the Defendant's assets were in control or custody of the Court. As such, the United States contends that the Court must have relied on clear errors of law in order to dismiss the United States' Complaint. In support of its Motion for Reconsideration, the United States submits as follows:

## I. BACKGROUND

On September 30, 2011, the United States filed its Complaint in this action, (Doc. No. 1) (hereafter "Complaint"), seeking to obtain a judgment for the personal liability for the federal trust fund payment penalties against Defendant Nathan W. Gwilliam (hereafter "Defendant"). In the Complaint, the United States alleged that Defendant had agreed to pay these outstanding liabilities through an installment agreement with the Internal Revenue Service (hereafter "IRS") entered into on October 18, 2005. *See* (Complaint, ¶ 24). The United States further alleged that the installment agreement, which lasted until Defendant defaulted on June 2, 2008, suspended the applicable periods of limitations for collection on the assessment. *See* (*id.*, *id.* at ¶ 19). The United States also alleged that Defendant had substantially all of his property held in the custody of a receivership in Arizona as of June 6, 2008 in Case No. CV2007-022770.

Defendant filed a Motion to Dismiss, (Doc. No. 16) (hereafter "Motion to Dismiss"), arguing that the United States has failed to state a claim upon which relief may be granted. Defendant alleged that the United States had not met the pleading requirements by failing to

allege the existence of a written installment agreement. *See* (*id*., p. 2). Defendant concluded that because the United States had not separately alleged the existence of a writing evidencing the existence of an installment agreement, no installment agreement was either pending or in effect to suspend the ten-year statute of limitations on collection actions for a sufficient period of time to make this suit timely. *See* (*id*., pp. 2-3).

The United States filed an Opposition to Defendant's Motion to Dismiss, (Docket No. 17) (hereafter "Opposition"), and the Declaration of Revenue Officer Norma L. Swink, (Docket No. 17-1) (hereafter "Swink Declaration"), in order to address the existence of the installment agreement. The United States pointed out that Defendant cited no case law in support of his contention that a copy of a written installment agreement must be attached to a Complaint in order to properly allege that the statute of limitations was suspended, let alone Defendant's contention that the United States must specifically plead that such an installment agreement must have been made in writing. Therefore, the United States contended that the Swink Declaration, which contained factual evidence of the pendency, effectiveness, and subsequent suspension of the installment agreement between the Defendant and the IRS should satisfy any evidentiary question posed by Defendant's Motion to Dismiss at this stage of the litigation.

In its Opposition to Defendant's Motion to Dismiss, the United States stated that the statute of limitations was suspended during the period that the installment agreement was in effect such that the statute of limitations was open until April 7, 2014. Apparently rejecting this contention, the Court ruled against the United States on February 15, 2012, and ordered that this case be dismissed on February 22, 2012. *See* (Docket. No. 21). However, regardless of whether

Defendant and the IRS agreed to suspend the statute of limitations during the period the installment agreement was in effect, it would be a clear error of law to fail to conclude that the period of limitations on collection was suspended during the forty-day pendency of the installment agreement plus an additional thirty days after its termination. Those suspensions alone constitute a sufficient suspension of the period of limitations on collection to render this suit timely. In addition, the fact that Defendants' assets were held in the custody of a court–specifically, by a receivership–for approximately two years, also suspended the statute of limitations. Indeed, by virtue of the facts alleged in the Complaint that went uncontested in Defendant's Motion to Dismiss, this suit would be timely if first brought today. As a result, the United States respectfully requests that the Court reconsider its Order and vacate the Clerk's Judgment entered in this case.

## II. LEGAL STANDARD

Though the Federal Rules of Civil Procedure do not specifically provide for a Motion for Reconsideration, a motion to reconsider filed within twenty-eight days after entry of judgment is considered a FED. R. CIV. P. 59(e) motion. *See* FED. R. CIV. P. 59(e); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under FED. R. CIV. P. 59(e) may be granted on the grounds of "new evidence previously unavailable," or "the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."

## III. ARGUMENT

**A.  The United States Introduced Sufficient Allegations of Fact to State a Claim Upon Which Relief May Be Granted.**

The alleged basis for Defendant's Motion to Dismiss was that the United States could not prove the existence of a written installment agreement between Defendant and the IRS. Defendant stated that without a valid installment agreement, the United States could not show that the statute of limitations had been suspended for any period of time such that the Complaint was timely filed pursuant to 26 U.S.C. § 6501. The United States' Opposition attempted to refute Defendant's argument concerning the existence of the installment agreement, but did not address the timing of the pendency of the installment agreement because the United States believed the Court would view the facts regarding the timing of the installment agreement in the light most favorable to the United States.

In its Complaint, the United States alleged two separate sets of facts that would have suspended the running of the period of limitations for a sufficient period of time to render the Complaint timely: (1) the installment agreement, the pendency and termination of which suspend the running of the statute of limitations and (2) the existence of a receivership that held substantially all of the assets of the Defendant. Because the Court must decide solely whether the Complaint alleged sufficient facts to state a claim for which relief may be granted, the Complaint should not have been dismissed on the grounds that the Complaint was not timely filed.

To dismiss the Complaint would work a manifest injustice against the United States because it would allow Defendant to avoid payment of more than $104,742.20 in unpaid federal income taxes, even though the Complaint was timely filed, and would still be timely filed today.

Moreover, Defendant proposed and entered into an installment agreement, which suspended the running of the period of limitations, and subsequently brought a Motion to Dismiss on the grounds that such an installment agreement did not exist simply because the United States did not specifically plead its existence. After presenting evidence that the installment agreement did exist, and that Defendant proposed it on September 8, 2005, Defendant responded by asserting that the installment agreement should be treated as having been pending on October 12, 2005. The timing of the pendency of an installment agreement was never briefed by the United States after it was raised as an issue by Defendant. Therefore, it would be both erroneous and manifestly unjust for the Court to fail to construe the facts in this case in the light most favorable to the United States, and to grant a motion to dismiss the United States' Complaint before it has had the opportunity to conduct discovery and present evidence on a factual question regarding the timing of the pendency of Defendant's installment agreement.

      **1.**      **The Pendency and Termination of the Installment Agreement Suspended the Running of the Period of Limitations on Collection.**

Section 6502(a)(1) of the Internal Revenue Code (26 U.S.C.) provides that taxes may be collected via a court proceeding provided that the court proceeding is initiated within ten years of the assessment of the tax. *See* 26 U.S.C. § 6502(a). The assessment made pursuant to 26 U.S.C. § 6672 against Defendant for the tax periods ending December 31, 1998, March 31, 1999, June 30, 1999, and September 30, 2000 was made on July 23, 2001. Thus, the collection period with respect to the assessment against Defendant would typically expire on July 23, 2011. This ten-year limitations period is tolled, however, under certain conditions, including during the time period when an installment agreement is pending, and for thirty days following its termination.

The United States may not bring a lawsuit for the collection of unpaid tax while an offer from the taxpayer to enter into an installment agreement to pay that tax is pending, and during the 30 days after the installment agreement was terminated. 26 U.S.C. § 6331(k)(3)(A). Generally, if government collection activity is stayed as a result of some action taken by the taxpayer, the limitations period with respect to collection of that liability will not run during the time that collection activity is stayed. *See* 26 U.S.C. § 6331(k)(3)(B) (referencing § 6331(i)(5), which provides for a suspension of the statute of limitations on collection while collection activity is prohibited). Therefore, the period of limitations on collection is suspended when an offer for an installment agreement is pending with the IRS. *See* 26 U.S.C. § 6331(k)(2)(A); (k)(3)(B). In addition, the period of limitations is also suspended for thirty days after an installment agreement is terminated. *See* 26 U.S.C. § 6331(k)(2)(D); (k)(3)(B).

Therefore, in this case, the running of the period of limitations on collection was suspended during the period Defendant's offer of an installment agreement was pending with the IRS, as well as a thirty day period after the installment agreement was defaulted and terminated.

### a. An Installment Agreement Becomes Pending When the Taxpayer Provides Sufficient Information for it to be Accepted for Processing.

It is not clear from the face of 26 U.S.C. § 6331 when an installment agreement is deemed "pending." However, one treatise on the topic puts it succinctly:

> A proposed installment payment agreement becomes pending when it is accepted for processing, and remains pending until the Service accepts the proposal, notifies the taxpayer that the proposal has been rejected, or the taxpayer withdraws the proposal. Just when a proposed installment payment agreement is accepted for processing (and therefore is pending, thereby suspending collection action) is left curiously vague . . . . A proposed installment agreement, it seems, is accepted for processing when it is received before a Tax Division referral, contains sufficient information to permit the Service to

decide whether the proposal is acceptable, and the Service has not returned the offer. Michael I. Saltzman, IRS Practice and Procedure, ¶ 15.06[1] (Rev. 2d Ed. 2005).

As Defendant contended in his Reply brief, the Internal Revenue Manual gives guidance on when an installment agreement is deemed pending. For an installment agreement to be considered "pending" a taxpayer must provide: (1) information sufficient to identify the taxpayer, generally the taxpayer's name and identification number; (2) identification of the tax liability to be covered by the agreement; and (3) a proposal of a monthly or other periodic payment of a specific amount. *See* IRM § 5.14.1.3(4); s*ee also Gessert v. United States*, 627 F. Supp. 2d 942, 951 (E.D. Wis. 2009). "A taxpayer's proposed agreement may be accepted for processing even though it does not contain sufficient information to determine whether it should be accepted. In the event the information is inadequate, the IRS will request the taxpayer to provide necessary additional information." *United States v. Austin*, 105 A.F.T.R.2d (RIA) 2084, *4 (D. Mass. 2010).

      **b.**    **The Installment Agreement was Pending for Forty Days, and the the Statute of Limitations was Suspended for Sufficient Time That the Complaint was Timely Filed.**

The facts adduced by the United States in responding to Defendant's Motion to Dismiss, as well as in the Declaration of Maleia Parker (hereafter "Parker Declaration") and the attached Account Transcript filed herewith[1], indicate that the installment agreement was accepted for

---

[1] Because specific evidence on this question was absent from the record, the United States submits that the Internal Revenue Service's Account Transcript for Nathan W. Gwilliam for the tax period ending September 30, 2000, attached to the Parker Declaration and filed herewith, reflects that the installment agreement was accepted for processing and deemed pending on September 8, 2005. *See* (Parker Declaration, ¶ 4). The Account Transcript is an automated record

processing on September 8, 2005, and pending with the IRS for forty days before acceptance by the IRS on October 18, 2005. Therefore, the period of limitations was suspended during these forty days the installment agreement was pending before acceptance and for an additional thirty days after the installment agreement was defaulted by the taxpayer and terminated by the IRS. On this basis alone, the period of limitations did not expire for ten years and seventy days, which would mean that the statute of limitations on collection would expire on October 1, 2011. Because the United States' Complaint was filed on September 30, 2011, the United States' Complaint was timely filed.

     In granting Defendant's Motion to Dismiss, the Court apparently relied on Defendant's arguments regarding the date on which the installment agreement became pending. Defendant contended that the installment agreement could only have become pending on October 12, 2005 because that was when the IRS advised him of "his duties and penalties in accordance with the last step (19) of the compliance check." *See* (Reply, p. 4 (citing IRM § 5.14.1.4.1(19)). However, Defendant's contention that this step was applicable to Defendant is incorrect. That provision of the Internal Revenue Manual does not control whether or not an offer is deemed pending; section 5.14.1.3, "Identifying Pending, Approved and Rejected Installment Agreement Proposals on IDRS" does. *See* IRM § 5.14.1.3. Step 19, the step referred to by Defendant, is applicable "if it appears a taxpayer will have a balance due at the end of the current year." *See* IRM § 5.14.1.4.1(19). No evidence on this topic was introduced or refuted in any of the briefs. Instead,

---

of the transactions performed by Internal Revenue Service employees, and reflects the dates on which installment agreements are accepted for processing, which is the relevant date for purposes of calculating when an installment agreement is deemed pending.

Revenue Officer Holman had already discussed Defendant's compliance and the requirements pertaining to an installment agreement, and had received all the necessary information for the installment agreement to become pending on September 8, 2005.

In filing its Opposition, the United States did not believe that the timing of the pendency of the installment agreement was in dispute; instead the agreement's existence appeared to be in dispute. As a result, the United States did not specifically delineate the date on which the installment agreement was accepted for processing by the IRS, and evidence on this factual question was not available to the Court in rendering its decision. Though the Declaration of Revenue Officer Swink did not specifically state when the offer was accepted for processing and thereby became pending, this is a factual question that must be resolved in favor of the United States at this point in the litigation. As evidenced by the Swink Declaration, Defendant and Revenue Officer Holman had been engaged in discussions regarding Defendant's eligibility for an installment agreement as of August 8, 2005. *See* (Swink Decl., ¶¶ 8-12). During this exchange, Revenue Officer Holman would have verified that Defendant was in compliance with all filing requirements, as such verification is part of the information necessary to determine Defendant's eligibility for an installment agreement. *See* (*id. at* ¶¶ 9-12). Specifically, the Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433A) and the voicemail left by Defendant on September 8, 2005 provided: (1) information sufficient to identify the taxpayer; (2) identification of the tax liability to be covered by the agreement; and (3) a proposal of a monthly payment of a specific amount. *See* (Swink Decl., ¶ 12); *see also Gessert v. United States*, 627 F. Supp. 2d at 951; *United States v. Austin*, 2010 U.S.

Dist. LEXIS 40496. Moreover, Defendant had already entered into at least one installment agreement previous to his conversations with Revenue Officer Holman, and must have been apprised of the requirements pertaining to installment agreements at that point as well. *See* (Swink Decl., ¶ 8). Regardless, the fact that Revenue Officer Holman also discussed what would constitute a default and that such a default would put Defendant at risk of a levy on October 12, 2005 does not mean that Revenue Officer Holman did not discuss Defendant's compliance or his "duties and penalties," *see* (Reply, p. 4), beforehand.

Because the United States introduced sufficient factual matter through either the Swink Declaration or the Parker Declaration to justify the reasonable inference that the installment agreement became pending on September 8, 2005, and not on October 12, 2005 as Defendant insists, the period of limitations on collections was suspended for a total of seventy days. Therefore, the Complaint was timely filed, and the Court should vacate its order granting Defendant's Motion to Dismiss. This is particularly true because statute of limitations argument is an affirmative defense. Viewing the facts in the Complaint as well as the evidence in the record in the light most favorable to the United States, the Court should conclude that the installment agreement was pending on September 8, 2005, rather than rely on Defendant's unfounded and conclusory assertions that are unsupported by the facts in the record. Therefore, this Court should find that the statute of limitations was suspended for sufficient time that the Complaint was timely filed.

        **c.**    **The United States Need Not Have Specifically Referenced the Existence of a Writing for the Court to Determine That There Was an Installment Agreement that Suspended the Period of Limitations.**

If any question remained for the Court as to whether or not there was ever a valid installment agreement to be terminated, the United States should also prevail on this point at this

stage of the litigation. On a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to the nonmoving party, which includes the allegations regarding the validity of the installment agreement and the relevant dates when certain facts occurred that would be relevant to the suspension of the statute of limitations. *See TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007) (in the context of a motion to dismiss, non-movant "had no obligation to provide evidentiary support for its allegations"); *United States v. Holt*, 76 F. Supp. 2d at 1378-79. Even under the less deferential standard of a motion for summary judgment, the United States need not produce the actual written agreement between a taxpayer and the IRS in order for the court to conclude when the installment agreement became pending. *See, e.g., Seagrave v. United States*, 221 Fed. Appx. 457, 459 (7th Cir. 2007) (". . . we can find no requirement that a taxpayer's initial request for an installment agreement also be in writing. *See* http://www.irs.gov/faqs/faq-kw93.html . .. . (informing taxpayers who owe money that they may use form or call toll-free number to request installment agreement).").

The United States alleged that Defendant entered into an installment agreement with the IRS that suspended the applicable periods of limitation on collection. *See* (Complaint, ¶ 24). Similarly, the United States continues to anticipate, that discovery may yield additional evidence of submissions by Defendant to the Internal Revenue Service. Defendant's implicit assertion that the United States can prove no set of facts which will entitle it to relief is both incorrect and unfounded, and the United States' Complaint should stand.

> 2. **The Receivership's Control of Defendant's Assets Suspended the Running of the Period of Limitations on Collection.**

In addition to all of the foregoing, Defendant never contested the allegations in ¶¶ 30-34 of the Complaint that substantially all of Defendant's assets were in the control or custody of a

receivership created on June 6, 2008 in Case No. CV2007-022770. Pursuant to 26 U.S.C. § 6503(b), the statute of limitations is suspended for any period in which the assets of a taxpayer are in control or custody of a court, which has been widely interpreted as including periods during which the assets of a taxpayer are held by a receivership. *See, e.g., United States v. Chrein*, 368 F. Supp. 2d 278, (S.D.N.Y. 2005) (holding that the 10-year collection limitations period under 26 U.S.C. § 6502 was suspended pursuant to 26 U.S.C. § 6503(b) during time period when substantially all of the taxpayer's assets were under state court control because taxpayer's then-wife was appointed as receiver of those assets in the taxpayer's state court divorce proceedings); *United States v. Davenport*, 7 A.F.T.R.2d (RIA) 609, *8-*9 (D.S.C. 1960) (holding that the appointment of a receiver on behalf of the taxpayer suspended the running of the period of limitations on collection). Moreover, it is indisputable that the receivership referenced by ¶¶ 30-34 of the Complaint lasted at least until January 12, 2010, when the Court of Appeals of Arizona issued a decision regarding the power of the receiver for that receivership. *See Gwilliam v. Gwilliam*, Case No. 1 CA-CV 09-0133 (Ariz. Ct. App. Jan. 12, 2010) (reversing the superior court's order amending and continuing the receivership that held substantially all of Defendant's assets). As a result, it is clear that the period of limitations on collections would have been suspended during the period from the creation of the receivership on June 6, 2008 until January 12, 2010 at the very earliest.

Therefore, as a matter of law, the period of limitations must have been suspended for at least one year, seven months, and six days. As a result, the statute of limitations would not expire until March 1, 2013 even if there was never an installment agreement pending. Even though the United States alleged that substantially all of Defendant's assets were in the custody or control of the receivership, and therefore the court, within the definition of 26 U.S.C. § 6503(b), this

allegation was not called into question by Defendant in the Motion to Dismiss. As a result, this Court should conclude that the running of the period of limitations was suspended when Defendant's assets were in control or custody of the court. Failing to vacate the Order of February 15, 2012 and dismissing this case would operate a manifest injustice against the United States because the Complaint would still be timely if it were filed today due to the receivership's suspension of the running of the period of limitations.

## V. CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court vacate the Clerk's Judgment (Docket No. 22) entered pursuant to the Court's Order dated February 22, 2012 (Docket No. 21) pursuant to FED. R. CIV. P. 59(e).

Respectfully submitted this 13th day of March, 2012.

>DAVID B. BARLOW (#13177)
>United States Attorney
>
>JOHN MANGUM
>Assistant United States Attorney
>
>/s/ Richard A. Schwartz
>RICHARD A. SCHWARTZ
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 683
>Ben Franklin Station
>Washington, D.C. 20044-0683
>Telephone:    (202) 307-6322
>Facsimile:    (202) 307-0054
>
>*Attorneys for the United States*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 13th day of March, 2012, I filed the foregoing **UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION** with the Clerk of the Court using the CM/ECF system, which sent notice of the foregoing via e-mail to:

| | |
|---|---|
| T. ROBERT LEE<br>Heideman, McKay, Heugly & Olsen, L.L.C. | trlee@hmho-law.com |
| Gregory A. Robinson<br>Farley, Robinson & Larsen | us@lawfrl.com |

*Attorneys for Defendant, Nathan W. Gwilliam*

                                      /s/ Richard A. Schwartz
                                      RICHARD A. SCHWARTZ
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 683
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Tel:    (202) 307-6322
                                      Fax:    (202) 307-0054
                                      richard.a.schwartz@usdoj.gov