Gregory A. Robinson (Admitted Pro Hac Vice)
FARLEY, ROBINSON & LARSEN
6040 North 7th Street, Suite 300
Phoenix, Arizona 85014
602.265.6666
Fax: 602-264-5116
Email: us@lawfrl.com

T. Robert Lee (USB #11702)
HEIDEMAN, MCKAY, HEUGLEY & OLSEN, L.L.C.
397 North Main Street
Spanish Fork, Utah 84660
Telephone: (801) 812-1000
Email: trlee@hmho-law.com

*Attorneys for Defendant Nathan W. Gwilliam*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>           **Plaintiff,**<br>  vs.<br><br>**NATHAN W. GWILLIAM,**<br><br>           **Defendant.** | **CIVIL NO.  2:11-cv-922 DS**<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Assigned to the Honorable Judge David Sam)** |

The Court's order dismissing the Plaintiff's Complaint should be affirmed because, in spite of the new allegations in Plaintiff's Motion for Reconsideration, the Complaint still fails on its face to set forth sufficient facts for the Court to draw a reasonable inference that it was timely filed. In the Motion for Reconsideration, Plaintiff alleges for the first time that the installment

agreement was pending for "40 days" and that substantially all of the Defendant's assets were in receivership for "one year, seven months and six days" (Declaration of Maleia Parker; Motion for Reconsideration, pages 9, 13). Plaintiff did not include these facts anywhere in its Complaint or plausible facts from which they could have been reasonably inferred. To survive a motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, will "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because the Complaint was filed on its face two months and seven days outside the statute of limitations in I.R.C. §6502, through no fault of the Defendants, and the Plaintiff failed to allege sufficient facts for the Court to reasonably infer that the statute of limitations was tolled for "forty days" while an installment agreement was pending, or that the statute of limitations was tolled while the Defendant's assets were in receivership for "one year, seven months and six days," the Court's judgment of dismissal must be affirmed.

I. **Plaintiff's Complaint failed to allege sufficient facts for the Court to reasonably infer that the statute of limitations was tolled for 40 days while an installment agreement was pending**

In the Motion for Reconsideration, Plaintiff argues for the first time that the statute of limitations was tolled while an installment agreement was pending pursuant to I.R.C. §6331(k)(2)(a). An installment agreement becomes pending when it is "accepted for processing," and it ceases to be pending when it is accepted. 26 C.F.R. §301.6159–1. Plaintiff admits that it

"did not specifically delineate the date on which the installment agreement was accepted for processing by the IRS, and evidence on this factual question was not available to the Court." (Motion for Reconsideration, page 10.) In order for the Court to draw a reasonable inference from the Plaintiff's Complaint that the installment agreement was pending for 40 days, the Plaintiff must have alleged that the agreement was accepted for processing and became pending at least 40 days before it was accepted. However, as the Plaintiff admits, "evidence on this factual question was not available to the Court" from the Plaintiff's Complaint, which on its face provides no factual basis for the Court to draw a reasonable inference that the installment agreement was pending for 40 days. Because the Court could not reasonably infer that the statute of limitations was tolled for 40 days from the Plaintiff's Complaint, the judgment of dismissal should be affirmed.

**II.  Plaintiff's Complaint failed to allege sufficient facts for the Court to draw a reasonable inference that the statute of limitations was tolled for one year, seven months and six days while "substantially all" of Defendant's assets were in receivership**

In its Motion for Reconsideration, Plaintiff argues for the first time that because its Complaint alleged that substantially all of the Defendant's assets were placed in receivership, presumably referring to paragraph thirty-two of the Complaint, then the Court may draw a reasonable inference that the statute of limitations was tolled under IRC 6503(b) for "one year, seven months and six days." While it is true that Plaintiff alleged, without factual basis of any kind, that "substantially all" of the Defendant's assets were placed into receivership in paragraph 32 of its Complaint, the Complaint does not allege that the assets were placed in receivership for

any amount of time, much less "one year, seven months and six days." The Complaint therefore does not provide sufficient facts for the Court to draw an inference that the statute of limitations was tolled for any amount of time. In addition, the Plaintiff's claim that the assets placed in receivership constituted "substantially all of the Defendant's assets" is a mere conclusory statement or opinion, and conclusory statements or opinions are not considered to be allegations of fact sufficient to withstand a motion to dismiss for failure to state a claim. *Coopersmith v. Supreme Court, State of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972). In order to withstand a motion to dismiss for failure to state a claim, the fact alleged must also be "nudged … across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). Plaintiff's allegation that "the entities placed in the receivership…constituted substantially all of the assets of Nathan W. Gwilliam" is made without factual support of any kind. Therefore, it is a conclusory statement that is only "conceivably," not "plausibly" true, and it is insufficient to withstand a motion to dismiss for failure to state a claim. Because the Complaint fails to present sufficient facts from which the Court could infer that the statute of limitations was extended for any amount of time under I.R.C. §6503(b), much less "one year, seven months and six days," the judgment dismissing Plaintiff's Complaint must be affirmed.

### III. Conclusion

The Court must affirm its judgment because Plaintiff filed the Complaint on its face outside the ten-year statute of limitations given in I.R.C. §6502 by two months and seven days,

through no fault of the Defendants, and the Plaintiff's Complaint did not provide sufficient facts from which the Court could draw a reasonable inference that it was timely filed or that the statute of limitations was tolled.

**RESPECTFULLY SUBMITTED** this 26th day of March, 2012

/s/ Greg Robinson
Gregory A. Robinson (Admitted Pro Hac Vice)
FARLEY, ROBINSON & LARSEN
6040 North 7th Street, Suite 300
Phoenix, Arizona 85014
602.265.6666
Fax: 602-264-5116
Email: us@lawfrl.com


/s/ T. Robert Lee
T. Robert Lee (USB #11702)
HEIDEMAN, MCKAY, HEUGLEY & OLSEN, L.L.C.
397 North Main Street
Spanish Fork, Utah 84660
Telephone: (801) 812-1000
Email: trlee@hmho-law.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2012, I caused a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** to be served electronically, via CM/ECF System, on the following:

*Served Electronically via CM/ECF System*

John K. Mangum
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
john.mangum@usdoj.gov

Richard A. Schwartz
US DEPARTMENT OF JUSTICE (TAX-683)
TAX DIVISION
PO BOX 683
BEN FRANKLIN STATION
WASHINGTON, DC 20044
richard.a.schwartz@usdoj.gov
*PRO HAC VICE*

DATED and SIGNED this 26th day of March, 2012.

/s/ T. Robert Lee_____
T. ROBERT LEE
Heideman, McKay, Heugly & Olsen, L.L.C.
397 North Main Street
Spanish Fork, Utah 84660
Telephone: (801) 812-1000
Facsimile: (801) 798-1670
*Attorney for Defendant, Nathan W. Gwilliam*