THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:11-cv-922 DS |
| Plaintiff, | ) | MEMORANDUM DECISION |
| vs. | ) | |
| NATHAN W. GWILLIAM, | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Defendant in this matter has filed a motion for attorney's fees and costs, pursuant to 26 U.S.C. § 7430.  For the following reasons, Defendant's motion is granted and Defendant is awarded $10,086.00 in attorney's fees and $315.00 in costs.

## I.  STATEMENT OF FACTS

On September 30, 2011, the United States filed a complaint seeking to obtain a judgment for federal trust repayment penalties against defendant Nathan Gwilliam ("Gwilliam").  On December 1, 2011, Gwilliam filed a motion to dismiss for failure to state a claim.  This Court granted Gwilliam's motion on February 22, 2012, dismissing the United States' complaint with prejudice for failure to file the complaint within the statutory period of collections and failure to demonstrate that the statute of limitation had been tolled.  On March 13, 2012, the United States filed a motion to alter judgment, which this Court denied on April 25, 2012.  On June 4, 2012, after the United States' complaint was dismissed in Gwilliam's favor, Gwilliam filed a motion for attorney's fees and costs ("Gwilliam's Motion") pursuant to 26 U.S.C. § 7430.

## II.  MOTION FOR ATTORNEY'S FEES AND COSTS

The party seeking attorney's fees under 26 U.S.C. § 7430 has the burden of showing that: 1) the party is the prevailing party; 2) the position of the United States was not substantially justified; and 3) the requested award constitutes "reasonable litigations costs."  26 U.S.C. § 7430(a), (c); Pate v. United States, 982 F.2d 457, 459 (10th Cir. 1993).  A § 7430 motion for attorney's fees is a waiver of sovereign immunity, Overton v. United States, 166 F.3d 1221, *1 (10th Cir. 1999) (unpublished disposition), and must be strictly construed in favor of the United States.  Ardestani v. I.N.S., 502 U.S. 129 (1991).

### A.  Timeliness of Defendant's § 7430 Motion

The United States asserts that Gwilliam's Motion was untimely.  The government argues that a § 7430 motion for attorney's fees should be filed pursuant to DUCivR 54-2(f), which states that"[u]nless otherwise provided by statute or extended by the court under Fed. R. Civ. P. 6(b), a motion for attorneys' fees authorized by law must be filed and served within fourteen (14) days after [] entry of a judgment."  See also Fed. R. Civ. P. 54(d)(2)(B).

In Overton v. United States the Tenth Circuit determined that a party has thirty days to file § 7430 motion after final judgment based on § 7430(c)(4)(A)(ii), which states that a prevailing party  must meet the requirements of 28 U.S.C. § 2412(d)(1)(B).[1]  166 F.3d 1221 (10th Cir. 1999) (unpublished disposition).  28 U.S.C. § 2412(d)(1)(B) states in relevant part:

---

[1] There has been some variation in the way that circuit courts have decided whether a § 7430 motion for attorney's fees is timely due to language in the statute that states "except to the extent differing procedures are established by rule of court." 26 U.S.C. § 7430(c)(4)(A)(ii).  See e.g., Comer v. C.I.R., 856 F.2d 775, 777-78 (6th Cir. 1988) (holding that the Tax Court Rules of Practice and Procedure governed whether a § 7430 motion was timely); Sponza v. C.I.R., 844 F.2d 689, 690 (9th Cir. 1988) (holding that a § 7430 motion must be made before the final disposition of a case which does not occur until after the time for appealing the decision expires).

"[a] party seeking an award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses" (emphasis added). Reasoning from the combined language of 26 U.S.C. § 7430(c)(4)(A)(ii) and 28 U.S.C. § 2412(d)(1)(B), the Tenth Circuit upheld the district court's decision that a party's § 7430 motion for attorney's fees was untimely as the party had not filed the motion within thirty days of the final judgment. 166 F.3d at 1221 *1; see also In re Brickell Inv. Corp., 96 B.R. 400 (Bankr. S.D. Fla.), vacated on other grounds, Nos. 89-1051-CIV-SCOTT, 89-0715-CIV-SCOTT , 1989 WL 180598 (S.D. Fla. Jan. 28, 1989) (holding that under the combined language of 26 U.S.C. § 7430(c)(4)(A)(ii) and 28 U.S.C. § 2412(d)(1)(B) a party seeking an award of fees under §7430 must file their motion within 30 days of final judgment).

The government states that this Court's April 25, 2012, order denying the United States' motion for reconsideration was the final judgment in the action, however, 28 U.S.C. § 2412(d)(2)(G) defines "final judgment" in § 2412(d)(1)(B) as "a judgment that is final and *not appealable*." (emphasis added). In Melkonyan v. Sullivan the Supreme Court clarified that "[t]he 30-day [§ 2412] clock begins to run after the time to appeal that 'final judgment' has expired." 501 U.S. 89 (1991). As § 2412(d)(1)(B) is used to determine whether a § 7430 motion is timely, the Supreme Court's decision in Melkoyan is relevant in determining whether a § 7430 motion is timely.

In the present case, the United States filed an appeal from this Court's order's granting Gwilliam's motion to dismiss and denying the government's motion to alter judgment on June 21, 2012. As Gwilliam's Motion was filed before the government's appeal, on June 4, 2012,

Gwilliam's Motion was timely.

**B. Prevailing Party**

In order to be eligible for an award of attorney's fees under § 7430, the party seeking the award must be the prevailing party. 26 U.S.C. §7430(a). "Prevailing party" is defined in § 7430(c)(4)(A) as a party: 1) whose net worth did not exceed $2,000,000 at the time the complaint was filed, see 28 U.S.C. § 2412(d)(2)(B); and 2) who has substantially prevailed with respect to the most significant issue or set of issues.

The government argues that Gwilliam's Motion should be denied because Gwilliam has not demonstrated that his net worth did not exceed $2,000,000 at the time the civil action was filed. Section 7430(c)(4)(A)(ii) states that the applicant must meet "the requirements of [§] 2412(d)(2)(B)" which sets forth the requirement that an individual's net worth must not exceed $2,000,000 at the time the civil action was filed. More than a bare assertion is required for a party to show that they meet the net worth requirement of § 7430. Shooting Star Ranch, LLC v. United States, 230 F.3d 1176, 1178 (10th Cir. 2000); see also Pate, 982 F.2d at 459 (stating that § 7430 incorporates § 2412 requirements and remanding case to district court to determine whether defendants satisfy net worth requirement because they failed to allege and establish that their net worth does not exceed $2,000,000). However, the Tenth Circuit has indicated that absent a challenge otherwise, an affidavit from a party indicating that they meet the net worth requirement is sufficient. United States v. 819.8 Acres of Land, 133 F.3d 933, *3 (10th Cir. 1998) (unpublished disposition) (citing D'Amico v. Indus. Union of Marine and Shipbuilding Workers of Am., AFL-CIO, 630 F. Supp. 919, 921 (D.Md.1986)); see also Shooting Star Ranch,

230 F.3d at 1178 (party did not satisfy their burden of showing they meet the net worth requirement when they failed to submit an affidavit in support of their assertion that they meet the requirement); Estate of Lippitz v. C.I.R., 94 T.C.M. (CCH) 330 (2007) (finding affidavit in support of net worth requirement was sufficient absent challenge otherwise).

The government does not provide evidence or assert that Gwilliam does not meet the net worth requirement, the government only argues that Gwilliam's affidavit was not sufficient to show that Gwilliam's net worth was less than $2,000,000. Absent an allegation that Gwilliam's net worth exceeded $2,000,000 the Court finds that Gwilliam's affidavit, filed in support of Gwilliam's motion, is sufficient to satisfy the net worth requirement.

Next, the government argues that Gwilliam has not substantially prevailed with respect to the most significant issue. When determining if a party has prevailed with respect to the most significant issue or set of issues, the court determines whether the success of an issue determines if a party receives the benefit of their suit. Kopunec v. Nelson, 801 F.2d 1226, 1228-29, (10th Cir. 1986); see also Chapoose v. Hodel, 831 F.2d 931, 936 (10th Cir. 1987) ("[P]laintiff may be a prevailing party for the purpose of an award of attorney fees if he succeeds on any significant issue in the litigation which achieves some of the benefits which the parties sought in bringing suit.") (internal quotations omitted). Justification on a minor issue does not defeat an award of attorney's fees for a taxpayer that has prevailed with respect to the most significant issue. In re Kreidle, 145 B.R. 1007, 1015 (Bankr. D. Colo.) (citing In re Testimony of Arthur Anderson & Co., 832 F.2d 1057, 1060 (8th Cir. 1987)).

In the present case, the most significant issues were whether Gwilliam was liable for

5

federal trust payments, whether the complaint was timely filed, and whether an installment agreement tolls the statute of limitations. The government's claim was dismissed with prejudice because the government filed the complaint outside of the statute of limitations and failed to show that the statute of limitations had been tolled. As the government did not prevail with respect to any of these issues or receive any of the benefits it sought in bringing suit, the Court finds that Gwilliam has prevailed with respect to the most significant issues.

### C. Substantially Justified

Under § 7430(c)(4)(B), a party that receives a favorable judgment is not entitled to attorney's fees and costs if the position of the government was substantially justified. A losing party will not necessarily be unjustified in its position. In re Graham, 981 F.2d 1135, 1139 (10th Cir. 1992). In the Tenth Circuit, the relevant "position" is the position taken and arguments relied upon by the government in litigation. Id. A position is substantially justified when it is "justified to a degree that could satisfy a reasonable person [or has] reasonable basis both in law and fact." Pate, 982 F.2d at 459 (internal quotations and citations omitted); see also Graham, 981 F.2d at 1139 ("In order to be 'substantially unjustified,' the litigation must have been initiated unreasonably, without a reasonable basis in law or in fact.").

Complaints that are dismissed for failing to state a claim will often not be substantially justified. Kevin W. Brown, What Constitutes Substantial Justification of Government's Position So As to Prohibit Awards of Attorneys' Fees Against Government Under Equal Access to Justice Act, 69 A.L.R. Fed. 130, at § 2 (1984) (the legislative history of the act indicates that the position of the government in cases dismissed for failure to state a claim is probably not substantially

justified). In both <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-84 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 500 U.S. 544, 559-63 (2007), the Supreme Court emphasized that a case should be dismissed if it does not have a substantial basis.

In the present case, the government's complaint was dismissed for failure to state a claim and the government's motion to alter judgment was denied. In dismissing the complaint, this Court found that the government's position lacked a reasonable basis in law or fact enough that further proceedings were not necessary. Therefore, the Court finds that the position of the government was not substantially justified to preclude an award of attorney's fees and costs under § 7430.

**D. Reasonable Litigation Costs**

Gwilliam submitted an application for fees and other expenses pursuant to 26 U.S.C. § 7430 and 28 U.S.C. § 2412(d)(1)(B).[2] Gwilliam included a detailed breakdown of the billable hours and costs provided to him by his attorneys. Gwilliam requests an award of attorney's fees of $11,702 for approximately 67.8 billable hours and $315 in costs.

Under § 7430 a party is only entitled to "reasonable litigation costs incurred in connection with such court proceeding." The trial court has discretion to determine whether the hours expended on the case were reasonable. See <u>Case v. Unified School Dist. No. 233</u>, 157 F.3d 1243 (10th Cir. 1998). Attorney's fees are limited to $180 per hour after adjusting the cost of living

---

[2] Although the government argues that Gwilliam's Motion was improper because it was only accompanied by an affidavit signed by Gwilliam himself instead of an affidavit of counsel, the Court does not decide this issue as Gwilliam subsequently submitted an affidavit of counsel to this Court.

under 26 U.S.C. 1(f)(3).[3] 26 U.S.C. § 7430(c)(1)(B)(iii). Attorney's fees may exceed that amount if "the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate." 26 U.S.C. § 7430(c)(1)(B)(iii); see also Anthony v. United States, 987 F.2d 670, 675 (10th Cir. 1993).

The breakdown of attorney's fees and costs is as follows:

1. Attorney Gregory Robinson worked approximately 12.2 hours, billing $300 per hour for a total of $3660.

2. Attorney Laurie Laws worked approximately 10.2 hours, billing $180 per hour for a total of $1836.

3. Paralegal fees totaled $4236 for approximately 35.3 hours at $120 per hour.

4. Attorney T. Robert Lee worked approximately 10.1 hours, billing $195 per hour for a total of $1970.

5. A total of $315 is requested for research and other expenses.

The Court finds the amount of hours expended by counsel on this case reasonable, however, the Court finds that several of Gwilliam's attorneys billed above the maximum statutorily provided amount of $180 per hour. Gwilliam alleges that the attorneys were specialists, the rates they charged are standard within their practice, and that this was a complex

---

[3] See Rev. Proc. 2011-52, 2011-45 I.R.B. § 3.39; Limitations On Maximum Hourly Rate Awardable as Attorney's Fees, Fed. Tax Coordinator Second Series (RIA)¶U-1267 (2012).

case.[4]  The Court does not find any facts supporting this assertion and therefore caps the maximum billable rate for all of Gwilliam's attorneys at $180.[5]  Gwilliam's attorneys' fees are adjusted as follows:

1. Attorney Gregory Robinson worked approximately 12.2 hours, billing above the statutory maximum amount of $180 per hour for a total of $2196.

2. No change for attorney Laurie Laws.

3. No change for paralegal fees.

4. Attorney T. Robert Lee worked approximately 10.1 hours, billing above the statutory maximum amount of $180 per hour for a total of $1818.

5. No Change in requested costs and expenses.

Accordingly Gwilliam's request for attorney's fees is limited to $10,086 in attorney's fees and $315 in costs.

---

[4] The Court notes that Gwilliam failed to allege any facts suggesting that this case was particularly complicated or required specialized attorney's that are not readily available in Utah in Gwilliam's Motion, Gwilliam only alleged such facts in his Reply to Response re Defendant's Motion for Attorney Fees and Costs.  July 2, 2012, ECF No. 34.

[5] "[N]umerous courts have concluded that tax law expertise alone, even when the attorney holds an LL.M. in Taxation, is not a special factor justifying an enhanced award of attorneys' fees. Several courts reasoned that because section 7430 pertains exclusively to tax cases, treating tax expertise as a special factor would result in the exception swallowing the rule, because most attorneys seeking attorneys' fees in tax litigation possess expertise in tax law." Jeffrey E. Quijano & Rodney P. Mock, I.R.C. § 7430 Attorney's Fees: Navigating Sections 7430 And a Call For The Final Act, 15 Fordham J. Corp. & Fin. L. 731, 763 (2010).

### III.  CONCLUSION

Based on the foregoing analysis, the Court grants Defendant Nathan Gwilliam's § 7430 motion for attorney's fees and costs.  Nathan Gwilliam is hereby awarded $10,086 in attorney's fees and $315 in costs and expenses.

IT IS SO ORDERED.

DATED this   14th    day of   August   , 2012.

BY THE COURT:

*David Sam*

DAVID SAM

SENIOR JUDGE

UNITED STATES DISTRICT COURT